**United States District Court**
For the Northern District of California

E-FILED on    1/9/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MK BALLISTIC SYSTEMS and MICHAEL KEITH,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM SIMPSON, in his individual capacity, JOHN SARSFIELD in his individual capacity, and DOES 1 through 10, inclusive,<br><br>Defendants. | No. 07-C-00688 RMW<br><br><br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS<br><br>**[Re Docket Nos. 41, 42 ]** |

Defendants William Simpson and John Sarsfield ("defendants") move to dismiss plaintiffs MK Ballistic Systems and Michael Keith's ("plaintiffs") complaint pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs oppose the motion. For the reasons set forth below, the court grants the motion.

**I. BACKGROUND**

This § 1983 civil rights action stems from the facts in an underlying state case, *People v. MK Ballistic Systems et al.*, San Benito County Superior Court Case No. CU-06-00123 ("SBC Action").

The SBC action arose out of the investigation of MK Ballistic Systems ("MK"), a manufacturer of small arms munitions and a distributor of black powder. SBC Compl. ¶ 4. After a preliminary investigation, William Simpson ("Simpson"), an investigator working for John Sarsfield ("Sarsfield"), the San Benito County District Attorney, and in connection with the California Department of Toxic Substances Control, obtained a court approved search warrant to search MK's business premises. *Id.* ¶ 9. During the search Simpson and the other investigating officers discovered containers of highly explosive and hazardous material in violation of the Hazardous Waste Control Law. *Id.* ¶ 9–12.

Based on this investigation, Sarsfield's office filed a state court action on behalf of the People of the State of California seeking civil penalties for violations of California Health and Safety Code §§ 25188, 25189.2 and 25201 and California Business and Professions Code §§ 17200–17208.

MK and Keith[1] subsequently filed this action in federal court on February 2, 2007 alleging violations under the Fourth Amendment of the Constitution and the Civil Rights Act, 42 U.S.C. §§ 1983 and 1988. Civil Rts. Compl. ¶ 1. Plaintiffs claim that defendant Simpson submitted a perjured affidavit to obtain a search warrant of MK's premises and that defendant Sarsfield was negligent in his selection, appointment, training, supervision, and retention of Simpson and that both defendants were acting under color of state law. *Id.* at ¶¶ 10, 13 and 14. Plaintiffs contend that defendants' misrepresentations and negligence deprived them of their right to be free from unreasonable searches and seizures. *Id.* at ¶ 15.

The court stayed this civil rights lawsuit against moving defendants in July 2007 pending the outcome of the underlying state action. The court at that time granted the County of San Benito's motion to dismiss.

On August 1, 2008, the parties settled the state action pursuant to a Stipulation for Entry of Final Judgment and Consent Judgment ("Consent Judgment"). A Final Judgment was ordered by the court on August 1, 2008. Request for Judicial Notice, Ex. 1. The Consent Judgment contained a

---

[1] After the settlement of the SBC Action, counsel for plaintiffs in the current § 1983 action withdrew. Plaintiff Keith is appropriately representing himself but he cannot represent MK Ballistic Systems, a general partnership. A partnership must appear in federal court through a licensed attorney. *In re American West Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994).

ORDER DENYING DEFENDANT'S MOTION TO DISMISS—No. 07-C-00688 RMW
ANK                                                              2

1  number of judicial admissions including that MK and Keith unlawfully stored certain hazardous
2  materials and failed to maintain and operate their facility in accordance with the law. *Id.* at ¶¶ 2–4.
3  The Consent Judgment also stipulated to the payment of a $5,000 fine by plaintiffs, with payment
4  suspended provided future compliance with conditions of the settlement, and a permanent injunction
5  against the possession and storage of multiple varieties of illegal materials. *Id.* at 6–15.

6        Defendants claim that the Consent Judgment bars the current federal § 1983 claim. Plaintiffs
7  disagree. Defendants in their motion to dismiss filed on September 16, 2008 argue: (1) the Consent
8  Judgment collaterally estops plaintiffs from establishing their current claim for civil rights
9  violations; and (2) the continued prosecution of this action directly violates a covenant not to sue
10 contained in the Consent Judgment.

11       **II. ANALYSIS**

12     **A.**    **Standard of Review**

13       A claim should only be dismissed under Rule 12(b)(6) where there is either a lack of a
14 cognizable legal theory or an absence of sufficient facts alleged under a cognizable legal theory.
15 *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Leave to amend must be
16 granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v.*
17 *Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). When amendment would be futile,
18 however, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir.
19 1996).

20     **A.**    **Collateral Estoppel**

21       Defendants first argue that plaintiffs are estopped from further prosecution of this action
22 because the issue of an unlawfully obtained warrant was impliedly admitted to by the Consent
23 Agreement in state court.

24       "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its
25 judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action
26 involving a party to the first case." *Dodd v. Hood River County*, 59 F.3d 852, 863 (9th Cir. 1995).
27 Federal courts should apply the state's collateral estoppel law in determining whether a § 1983 claim
28 is precluded by a prior state judicial proceeding. *Haring v. Prosise,* 462 U.S. 306, 313 (1983); *Allen*

1  *v. McCurry*, 449 U.S. 90, 96 (1980).  Thus, the court must look to California law to determine
2  whether the Consent Agreement precludes plaintiffs from bringing or continuing a civil rights
3  action.

4  Under both California and federal law, collateral estoppel applies only where it is established
5  that: (1) the issue necessarily decided at the previous proceeding is identical to the one which is
6  sought to be relitigated; (2) the previous proceeding resulted in a final judgment on the merits; and
7  (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the
8  first proceeding.  *People v. Sims*, 32 Cal. 3d 468, 484 (1982); *Lucido v. Superior Court of*
9  *Mendocino County*, 51 Cal. 3d 335, 341 (1990).

10  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right
11  secured by the Constitution or laws of the United States was violated; and (2) that the violation was
12  committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).
13  The doctrine of collateral estoppel applies in civil rights actions under § 1983 when the
14  constitutional claim is based on the same alleged act or omission that was the subject of a state court
15  action, and when the state courts would give preclusive effect to its judgment.  *Allen*, 449 U.S. at
16  104-05; *Migra v. Warren City School District Board*, 465 U.S. 75, 81 (1984); *Valley Wood*
17  *Preserving, Inc. v. Paul*, 785 F.2d 751, 753 (9th Cir. 1986).

18  Defendants seek to preclude this court's consideration of defendants' possible civil rights
19  violations based on an admission that plaintiffs unlawfully stored materials and failed to maintain
20  and operate the facilities in accordance with California laws.  That admission does not preclude a §
21  1983 action challenging the legality of the search that produced the inculpatory evidence for two
22  reasons.  First, the admission does not necessarily determine either element of a § 1983 claim.  And
23  second, in this case the legality of the search was not actually litigated in the prior proceeding.

24  **B.  Covenant Not to Sue**

25  Defendants' next argue that plaintiffs' further prosecution of their civil rights action violates
26  the covenant not to sue in the Consent Judgment.  Provision 7.6 of the Consent Judgment provides:

27  > Settling Defendant covenants not to sue or pursue any civil or administrative claim or claims against Plaintiff or agencies of the State of California, any counties of the
28  > State of California, or their officers, employees, representatives, agents, or attorneys *arising out of or related to* any covered matter expressly addressed by the Consent

ORDER DENYING DEFENDANT'S MOTION TO DISMISS—No. 07-C-00688 RMW
ANK                                       4

> Judgment (except for the purpose of enforcing Plaintiff's obligations under the Consent Judgment).

Request for Judicial Notice, Ex. 1 (Consent Judgment) ¶ 7.6 (emphasis added). Defendants contend that plaintiffs' civil rights complaint clearly "arises out of" or is "related to" a "covered matter expressly addressed by the Consent Decree." Plaintiffs claims that their claim neither "arises out of" nor "relate[s] to" a covered matter. Plaintiffs offer evidence that they expressed an unwillingness to settle the SBC Complaint if such settlement would bar their civil rights complaint, although they do not say that the People agreed. They claim the prosecutor indicated that the language was "boilerplate" and acknowledged that plaintiffs' ability to continue their § 1983 action was "open to question." Hoeke decl. ¶¶ 7-8. Plaintiffs also claim that the Consent Judgment was drafted by the People and thus any ambiguity was caused by them and, therefore, should be construed against them. *See* Cal. Civ. Code § 1654.

General contract principles are applied when interpreting a judgment incorporating a settlement agreement. *Roden v. AmerisourceBergen Corp.,* 155 Cal.App.4th 1548, 1561 (2007). Under statutory rules of contract interpretation, the mutual intention of the parties at the time the contract is formed governs interpretation. Cal.Civ.Code, § 1636; *Santisas v. Gooden*, 17 Cal. 4th 599, 608 (1998). The parties' intent is to be inferred, if possible, solely from the written provisions of the contract. Cal. Civ. Code § 1639. However,

> [w]here parties dispute the meaning of contractual language, the first question to be decided is whether the disputed language is reasonably susceptible to the interpretation urged by the party. If it is not, the case is over. When deciding this question, the trial court must provisionally receive any proffered extrinsic evidence which is relevant to show whether the contract is reasonably susceptible of a particular meaning. . . . Although extrinsic evidence is generally prohibited to vary, alter or add to terms of a contract, the test of admissibility of extrinsic evidence to explain the meaning of a written instrument is not whether it appears to the court to be plain and unambiguous on its face, but whether the offered evidence is relevant to prove a meaning to which the language of the instrument is reasonably susceptible.

*Halicki Films, LLC v. Sanderson Sales and Marketing*, 2008 WL 4866129 * 7 (9th Cir. November 12, 2008). If, in light of extrinsic evidence, the court decides that contractual language is reasonably susceptible to the interpretation urged by the proponent of the evidence, then the evidence is admissible and interpretation becomes a factual question. *See ASP Properties Group v. Fard*, 133 Cal.App. 4th 1257, 1267 (2005).

The Consent Judgment has an integration clause (Request for Judicial Notice, Ex. 1 ¶ 28) and thus the written agreement between the parties constitutes the entire agreement. Pursuant to the above interpretation rules, however, extrinsic evidence must be considered at least initially by the court to determine whether the Consent Judgment, and particularly the covenant not to sue set forth in ¶ 7.6, can be construed to leave intact plaintiffs' right to pursue their § 1983 action. Despite plaintiffs' contention that the provision is ambiguous and that the People's counsel allegedly acknowledged that whether plaintiffs' § 1983 action was barred was open to question, the court does not find that the language of ¶ 7.6 is reasonably susceptible to an interpretation that the covenant not to sue does not cover a claim based upon the allegedly unlawful search. In the Consent Judgement plaintiffs specifically admit they unlawfully stored pyrotechnic flares and waste pyrotechnic flare material at their facility (*id.* ¶ 4.1), unlawfully disposed of hazardous waste into a sink drain (*id.*) and unlawfully stored containers of waste pyrotechnic flare mix powders (*id.*). The SBC Complaint came about because such evidence was uncovered in the allegedly unlawful searches of December 13 and 15, 2005. The illegal searches clearly "relate to" the discovery of the materials that subjected plaintiffs to the People's action. In addition, the plaintiffs' § 1983 "arose out of" the defendants' search in which the evidence that is the subject matter of the Consent Judgment was found. It appears to the court that ¶ 7.6 was objectively intended to prevent just the type of suit that plaintiffs are now attempting to pursue against an officer (District Attorney Sarsfield) and an agent (Investigator Simpson) of the State of California or the County of San Benito. In fact, it is difficult to understand what other type of suit against the individuals would be covered by ¶ 7.6.

Plaintiffs' argument that the Consent Judgment should be construed against the People as the document's drafter is of no benefit to plaintiffs. First, that rule of interpretation applies only where an ambiguity remains after other rules of construction are applied. *See* Cal. Civ. Code § 1654. Here, no ambiguity exists after applying other rules of construction. Second, ¶ 24 of the Consent Judgment specifically reads:

> The Consent Judgment shall be deemed to have been drafted equally by all Parties hereto. Accordingly, the Parties hereby agree that any and all rules of construction to the effect that ambiguity is construed against the drafting Party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of the Consent Judgment.

*Id.* ¶ 24.

### III.  ORDER

For the foregoing reasons, the court grants defendants' motion to dismiss.  Since any attempted amendment would be futile, no leave to amend is granted.

DATED:           1/6/09                    *Ronald M Whyte*

RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Plaintiffs:**

Michael A. Keith                                    Michael_keith15@yahoo.com

**Counsel for Defendants:**

Hugh F. Lennon                                      hfl@robinsonwood.com
Nancy M. Battel                                     nancy@battlelaw.com
Christian Bayard Nielsen                            cbn@robinsonwood.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

DATED:            1/9/09                                    JAS

                                                    **Chambers of Judge Whyte**